UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
KWAME FERGUSON,                                                         :
:                               11 Civ. 6181 (PAE)
                                         Plaintiff,    :
                -v-                                    :                OPINION & ORDER
:
OFFICER CAI (9546) and CITY OF NEW YORK,               :
:
                                         Defendants.   :
:
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

      Plaintiff Kwame Ferguson, an inmate formerly housed at the Otis Bantum Correctional Center ("OBCC"), brings this action *pro se* under 42 U.S.C. § 1983, alleging that the defendants, Correction Officer Cai and the City of New York, were deliberately indifferent to his medical needs during his incarceration, in violation of the Eighth Amendment.  Defendants move to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  For the reasons that follow, the motion to dismiss is granted.

I.   **Factual Background**[1]

      Ferguson is an inmate formerly housed at the OBCC, a New York City correctional facility on Rikers Island.  Ferguson is a diabetic.  His claims arise out of a single incident involving one prison official, Correction Officer Cai.

      On August 2, 2011, at approximately 9:20 p.m., Ferguson informed Officer Cai that he was a diabetic and needed to go to the medical clinic.  In response to this request, Officer Cai told Ferguson that he would call for an escort.  The medicine that Ferguson required, Lantus, is

---

[1] The facts which form the basis of this Opinion are drawn solely from the Amended Complaint. On a motion to dismiss, the Court accepts all factual allegations in the Amended Complaint as true.  Unless otherwise noted, no further citation will be provided.

taken only at night. After waiting approximately one hour, Ferguson again approached Officer Cai, and explained that he needed to go to the clinic because he needed his insulin medication. Ferguson alleges that, around the time of the second request, he knew that his blood glucose level was elevated because he began "going in and out of con[s]ciousness," and was experiencing "temporary blindness, neuralgia pain from neuropathy and swelling in [his] left leg." Am. Compl. at ECF 4. Ferguson then took "a few metformin hydrochloride 500mg" because he "didn't want to fall into a hyperglycemia coma." *Id.* Ferguson was not escorted to the clinic that night.

The following morning, Ferguson woke up at approximately 5:00 a.m., suffering "severe pain." *Id.* Ferguson alleges that later on the evening of August 3, 2011, he questioned Officer Cai about his failure to provide an escort to the clinic. Officer Cai responded that "he forgot to call." *Id.*

## II.   Procedural History

On August 24, 2011, Ferguson filed his original Complaint. On December 22, 2011, defendants filed a motion to dismiss. On January 10, 2012, Ferguson filed an Amended Complaint which materially amended his pleading in several respects.

On January 30, 2012, the Court issued an Order alerting the parties that, upon review of the parties' submissions, it had identified a threshold issue. The Court noted that although Ferguson alleged in his Amended Complaint that the grievance procedures at the OBCC do not cover his claim, the Inmate Grievance Resolution Program, which governs all grievance procedures at OBCC, appeared to cover claims like Ferguson's, which arose out of incidents involving Department of Correction employees. The Court's Order instructed:

> By February 8, 2012, defendants are directed to submit to the Court an amended motion to dismiss, limited to the narrow issue of whether a grievance procedure

>exists that covers plaintiff's claim, and whether plaintiff properly exhausted those procedures. The Court will then evaluate the motion to dismiss limited to the issue of administrative exhaustion. If the Court determines that such a ground is not dispositive, the Court will afford the defendants the opportunity to move to dismiss on other grounds.

January 30, 2012 Order at 1 (Dkt. 17).

In a letter dated February 7, 2012, defendants explained the circumstances surrounding Ferguson's attempts to satisfy available grievance procedures. Defendants explained:

>DOC's grievance procedure does, indeed, cover Plaintiff's claims, and Plaintiff's failure to proceed through all the required steps ordinarily would require dismissal of his claims based on his failure to exhaust his administrative remedies. In the present case, however, DOC responded to Plaintiff's grievance by mistakenly advising him that his claim was not grievable. Under these circumstances, Plaintiff's failure to exhaust likely would be excused, either because DOC's response to Plaintiff's attempts to grieve, albeit incorrect, would estop DOC from asserting the exhaustion defense because DOC led Plaintiff to believe his administrative remedies were not available, or because DOC's response presents a "special circumstance" which would justify non exhaustion. . . . Accordingly, Defendants do not wish to seek dismissal based on Plaintiff's failure to exhaust.

February 8, 2012 Order at 2–3 (Dkt. 18) (citing *Rivera v. Goord*, 253 F. Supp. 2d 735, 746–47 (S.D.N.Y. 2003)). In an Order dated February 8, 2012, the Court authorized defendants to file a new motion to dismiss the Amended Complaint on other grounds. *Id.* at 1.

### III. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, in considering a motion to dismiss, a district court "must accept as true all well-pleaded factual allegations in the complaint, and 'draw[ ] all inferences in the plaintiff's favor.'" *Brown v. Kay*, No. 11-cv-7304, 2012 WL 408263, at *7 (S.D.N.Y. Feb. 9, 2012) (quoting *Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006)).

Because plaintiff is proceeding *pro se*, the Court must construe liberally his Amended Complaint and any further pleadings, and "interpret them to raise the strongest arguments that they suggest." *Cold Stone Creamery, Inc. v. Gorman*, 361 F. App'x 282, 286 (2d Cir. 2010) (summ. order) (internal quotation marks omitted). As a general rule, *pro se* complaints are held to less stringent standards than those drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008). However, despite the more lenient standard, to survive a motion to dismiss, a *pro se* plaintiff must still plead enough facts to state a claim to relief that is plausible on its face. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Accordingly, dismissal of a *pro se* complaint is appropriate where a plaintiff has clearly failed to meet minimum pleading requirements. *See Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997); *Honig v. Bloomberg*, No. 08-cv-541, 2008 WL 8181103, at *4 (S.D.N.Y. Dec. 8, 2008), *aff'd*, 334 F. App'x 452 (2d Cir. 2009).

**IV.**     **Discussion**

The defendants move to dismiss the Amended Complaint on three grounds: (1) Ferguson fails to state a cause of action under the Eighth Amendment; (2) Ferguson fails to establish municipal liability; and (3) Officer Cai is entitled to qualified immunity. The Court addresses each argument in turn.

### A. Eighth Amendment Claim

The Court construes plaintiff to claim deliberate indifference to a serious medical need, in violation of the Eighth Amendment.[2] The Eighth Amendment protects prisoners from "cruel and unusual punishment" caused by prison officials. U.S. Const. amend. VIII. "To determine whether a punishment is cruel and unusual, courts must look beyond historical conceptions to 'the evolving standards of decency that mark the progress of a maturing society.'" *Graham v. Florida*, 120 S. Ct. 2011, 2021 (2010) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102 (1976)). To establish an Eighth Amendment violation, an inmate must show both objective and subjective components: The plaintiff must show first that the deprivation "is objectively, sufficiently serious that he was denied the minimal civilized measure of life's necessities"; and second, a "sufficiently culpable state of mind on the part of the defendant official, such as deliberate indifference to inmate health or safety." *Jabbar v. Fischer*, No. 11–3764, 2012 WL 2359639, at *2 (2d Cir. June 21, 2012) (slip op.) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)) (internal quotation marks omitted).

To establish an Eighth Amendment violation arising out of inadequate access to medical care, "a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Estelle*, 429 U.S. at 104). This standard incorporates both objective and subjective elements: "The objective 'medical need' element

---

[2] Although Ferguson's pleadings do not identify whether he was a pre-trial or post-trial detainee at the time of the incident—and, therefore, whether the violation he claims is of the Fourteenth or Eighth Amendment—the Court surmises that he was a pre-trial detainee because he was moved from Rikers Island to a New York State correctional facility sometime after the incident. However, this distinction does not affect the substantive analysis of Ferguson's claims because "[c]laims for deliberate indifference to a serious medical condition or other serious threat to the health or safety of a person in custody should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment." *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009); *see also Santiago v. Pressley*, No. 10-cv-4797, 2011 WL 6748386, at *2 n.3 (S.D.N.Y. Dec. 23, 2011).

measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind." *Smith v. Carpenter*, 316 F.3d 178, 183–84; *see also Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).

With respect to the objective element, there is no "static test" to determine whether a deprivation is sufficiently serious. *Jabbar*, 2012 WL 2359639, at *2. A serious medical need is generally characterized by "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Johnson v. Wright*, 412 F.3d 398, 403 (2d Cir. 2005) (citation omitted). Courts in this Circuit have considered various factors in determining the existence of a serious medical condition, including: (1) the "existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment"; (2) "the presence of a medical condition that significantly affects an individual's daily activities"; (3) "the existence of chronic and substantial pain"; and (4) "adverse medical effects or demonstrable physical injury." *Chance*, 143 F.3d at 702; *Smith*, 316 F.3d at 187.

Where a claim concerns the temporary delay or interruption in the provision of medical treatment—as is the case here—then "the focus shifts to the particular risk of harm faced by a prisoner due to the challenged *deprivation of care*, rather than the prisoner's underlying medical condition in the abstract." *Edmonds v. Central N.Y. Psychiatric Ctr.*, No. 10-cv-5810, 2011 WL 3809913, at *4 (S.D.N.Y. Aug. 25, 2011) (emphasis added); *see also Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam) ("[a]cknowledging decisions by courts that have found Eighth Amendment violations when delays in medical treatment have involved 'life-threatening situations and instances in which it is apparent that delay would exacerbate the prisoner's medical problems'"); *Chance*, 143 F.3d at 702; *Smith*, 316 F.3d at 186–87; *Hill v. Dekalb Reg'l*

*Youth Det. Ctr.*, 40 F.3d 1176, 1188–89 (11th Cir. 1994) ("delay in medical treatment must be interpreted in the context of . . . whether the delay worsened the medical condition"). The Second Circuit has held that a short interruption of care, even if the underlying medical condition is serious, does not constitute a serious medical need where "the alleged lapses in treatment are minor." *Smith*, 316 F.3d at 186. On the other hand, "the failure to provide treatment for an otherwise insignificant wound may violate the Eighth Amendment if the wound develops signs of infection, creating a substantial risk of injury in the absence of appropriate medical treatment." *See Chance*, 143 F.3d at 702.

Here, Ferguson has failed to plead facts sufficient to plausibly claim that his injuries are objectively serious enough to fall within the ambit of the Eighth Amendment.[3] Where temporary delays or interruptions in the provision of medical treatment have been found to satisfy the objective seriousness requirement in this Circuit, they have involved either a needlessly prolonged period of delay, or a delay which caused extreme pain or exacerbated a serious illness. *See, e.g.*, *Salahuddin v. Goord*, 467 F.3d 263, 281 (2d Cir. 2006) (presuming, for purposes of this appeal, that a five-month delay in treatment for Hepatitis C caused sufficiently serious harm);

---

[3] In their motion, defendants urge that the Court not consider injuries pled in the Amended Complaint that conflict with statements in the original Complaint, which alleged that Ferguson suffered "no physical injury." Defs.' Mot. 6. Defendants argue that the new allegations "are blatantly designed to avoid dismissal." *Id.* at 7. Defendants are correct that the Court "need not accept as true allegations that conflict with a plaintiff's prior allegations." *Green v. Niles*, No. 11-cv-1349, 2012 WL 987473, at *5 (S.D.N.Y. Mar. 23, 2012) (quoting *Dozier v. Deutsche Bank Trust Co. Ams.*, No. 09-cv-9865, 2011 WL 4058100, at *2 (S.D.N.Y. Sept. 1, 2011)); *see also Colliton v. Cravath, Swaine & Moore LLP*, No. 08-cv-400, 2008 WL 4386764, at *6 (S.D.N.Y. Sept. 24, 2008) ("Where a plaintiff blatantly changes his statement of the facts in order to respond to the defendant['s] motion to dismiss . . . [and] directly contradicts the facts set forth in his original complaint a court is authorized to accept the facts described in the original complaint as true.") (internal quotation marks omitted)). Here, even taking into account the new allegations in the Amended Complaint, Ferguson fails to state an Eighth Amendment violation. The Court, therefore, has no occasion to address defendants' argument that the conflicting portions of the Amended Complaint should be disregarded.

*Chance*, 143 F.3d at 702 (six-month delay in treatment for dental condition which led to infection and extreme pain); *Hathaway*, 37 F.3d at 65, 67 (two-year delay in treatment of broken pins in an inmate's hip which caused persistent pain).

      Measured against these standards, Ferguson's pleadings are insufficient to meet the objective component of the Eighth Amendment standard.  Officer Cai's single alleged failure—to call an official to escort Ferguson to the clinic—prevented him from receiving a single dose of insulin on a single occasion.  Ferguson admits that the symptoms that resulted from this deficiency were temporary:  He perceived that his blood glucose level was elevated, and he experienced temporary blindness, pain, and swelling in his leg.  Ferguson does not allege that his pain or discomfort was prolonged—in fact, he does not even allege that it lasted past the next morning.  Nor does he allege that the pain he suffered was extreme.  He has not alleged that the single delay in treatment caused any symptoms of his underlying illness to worsen, nor that it materially altered the way in which his disease thereafter affected him.  *See Hill*, 40 F.3d at 1188–89.  Finally, Ferguson has not alleged, beyond making general conclusory statements, that the one-day delay in receiving his medicine put him at an "unreasonable risk of future harm." *Smith*, 316 F.3d at 188 (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)) (if plaintiff cannot show actual injury, he must prove that defendants' delay of medical treatment exposed them to "an unreasonable risk of future harm").  The circumstances Ferguson alleges are a far cry from those in which courts in this Circuit have held a temporary delay in treatment to rise to the level of an objective constitutional violation.

      Because Ferguson fails to satisfy the objective prong of the Eighth Amendment standard, the Court need not address the subjective prong.  However, even if Ferguson had adequately alleged a serious deprivation of medical treatment, his claim would fail for the independent

reason that he has failed to adequately allege that "the charged official[s acted] with a sufficiently culpable state of mind." *Hathaway*, 99 F.3d at 553.

The deliberate indifference standard requires "more than mere negligence." *Farmer*, 511 U.S. at 835. It is "equivalent to criminal recklessness, [where] the official 'knows of and disregards an excessive risk to inmate health or safety.'" *Hemmings v. Gorczyk*, 134 F.3d 104, 108 (2d Cir. 1998) (quoting *Farmer*, 511 U.S. at 837). "[A] prisoner must demonstrate more than 'an inadvertent failure to provide adequate medical care' by prison officials to successfully establish Eighth Amendment liability." *Smith*, 316 F.3d at 184 (quoting *Estelle*, 429 U.S. at 105). Here, Ferguson alleges merely that he told Officer Cai that he suffered from diabetes and needed his medicine. He does not allege that he informed Officer Cai that he was experiencing any discomfort or pain due to the delay in receiving the medicine. He does not allege that Officer Cai—or any prison official, for that matter—was aware that depriving Ferguson of insulin on a single occasion would create a substantial risk of serious harm. Finally, Ferguson does not allege that Officer Cai actually disregarded any such known risks. In fact, Ferguson himself explained that Officer Cai "forgot to call," a lapse that falls well short of the high threshold for deliberate indifference.

The Eighth Amendment "is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law." *Smith*, 316 F.3d at 184. "[N]ot every lapse in prison medical care will rise to the level of a constitutional violation." *Id.* Here, Ferguson alleges neither facts sufficient to show that the delayed provision of insulin was a sufficiently serious deprivation, nor that the delay was caused by a prison official's deliberate indifference. Accordingly, his Eighth Amendment claim must be dismissed.

[9]

### B. Municipal Liability

To state a § 1983 claim against a municipality, the plaintiff must allege that an officially adopted policy or custom caused his injury. *See Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978); *see also Bd. of Cnty. Comm'r of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (plaintiff must demonstrate a "direct causal link between the municipal action and the deprivation of federal rights"). Where a plaintiff alleges a single incident, especially if that incident involved only actors below the policy-making level, plaintiff's allegation is "not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24, *reh'g denied*, 473 U.S. 925 (1985); *see also Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996), *cert. denied*, 520 U.S. 1117 (1997) (municipal liability cannot be "predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy").

Even taking all facts pled in the Amended Complaint as true, Ferguson's single allegation that he was denied medical treatment is insufficient to raise an inference that there was a custom or policy under which OBCC would deny constitutionally-mandated medical treatment to prisoners with a need for such services. Ferguson does not allege that Officer Cai's failure to arrange for him to receive his insulin was an application of a municipal policy or custom; on the contrary, he explicitly alleges that Officer Cai "forgot to call" for the escort, implying that the act was at best accidental and at worst an anomaly. In either case, the single deficiency and the injury suffered were not a result of an official policy, and thus not cognizable under *Monell*.

In any event, the Court's holding that the Amended Complaint fails to allege a violation of the Eighth Amendment by any individual municipal agent independently defeat's Ferguson's claim of municipal liability. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (municipal liability requires that an individual municipal agent committed an underlying constitutional deprivation); *Bunn v. City of Poughkeepsie*, No. 10-cv-2297, 2012 WL 1621563, at *5 (S.D.N.Y. May 9, 2012). Because the Court has concluded that Ferguson's constitutional rights have not been violated, his claim of municipal liability pursuant to *Monell* is, *a fortiori*, also meritless.

### C. Qualified Immunity

Defendants argue that the Amended Complaint must also be dismissed as to Officer Cai because he enjoys qualified immunity. Because the Court finds that Ferguson has failed to allege a constitutional violation, it has no occasion to address this alternative ground.

## CONCLUSION

Defendants' motion to dismiss the plaintiff's Amended Complaint is GRANTED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to terminate the motions at docket numbers 14 and 19, and to close the case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: July 11, 2012
New York, New York